UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 19-mj-03236-Goodman

UNITED STATES OF AMERICA

vs.

RICARDO MELENDEZ, and
ANGEL BONILLA, JR.,

Defendants
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
ROBERT J. EMERY
Court ID No. A5501892
99 N.E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9421
FAX (305) 530-7976
Robert.Emery2@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
|  | ) Case No. 19-mj-03236-Goodman |
| Ricardo Melendez, and | ) |
| Angel Bonilla, Jr., | ) |
|  | ) |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **July 31 through August 1, 2019** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 846 | Conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Luz Idarraga, DEA Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/02/2019

_____
*Judge's signature*

City and state: Miami, FL          Jonathan Goodman, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

Your Affiant Luz Idarraga, first being duly sworn, state the following as true and accurate to the best of my knowledge and belief:

1. I am a Task Force Officer with the United States Drug Enforcement Administration (hereinafter DEA), and I have been so assigned since 2014. I have also been an officer with the Sunrise Police Department since 2011. Presently, I am assigned to the Miami Field Division of DEA, where I am responsible primarily for conducting narcotics trafficking and money laundering investigations. As a Task Force Officer with DEA, I have participated in numerous narcotics investigations involving: physical and electronic surveillance; the control and administration of confidential sources; international drug importations; international money laundering; and domestic drug organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers and money launderers. I also have spoken on numerous occasions with defendants, informants, suspects, and experienced narcotics and money laundering investigators concerning the manner, means, methods and practices that drug traffickers and money launderers use to further the operation of their organizations and the most effective methods of investigating and dismantling drug trafficking and money laundering organizations. I have also investigated smuggling and government corruption in Colombia and Venezuela related to drug trafficking. I am familiar with some of the import/export regulations in that region, as well as the black market for U.S. dollars.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18 and 21 of the United States Code.

1

3. The information contained in this affidavit is submitted for the sole purpose of establishing probable cause to arrest Ricardo Melendez, (hereafter MELENDEZ) and Angel Bonilla, Jr., (hereafter BONILLA) for violation of Title 21, United States Code, Sections 841(a)(1) and 846, that is, conspiring to possess to distribute five or more kilograms of a mixture or substance containing a detectable amount of cocaine.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation, as well as my review of records, documents, and other physical items obtained during the course of this investigation.

## BACKGROUND

5. Around three to four weeks ago, MELENDEZ began negotiating a deal via telephone with individual-1 to purchase approximately forty kilograms of cocaine. MELENDEZ was previously convicted of RICO and narcotics distribution in the Eastern District of New York, case number 9:89-CR-00229-ADS-1.

6. MELENDEZ and individual-1 agreed to meet in Coral Gables, Florida on August 1, 2019, in order for MELENDEZ to purchase the forty kilograms of cocaine from individual-1. On this date, MELENDEZ and individual-1 met at a restaurant in Coral Gables and they discussed the quantity of kilograms for purchase. MELENDEZ told individual-1 that he had $50,000 with him for an initial payment. During this meeting, BONILLA waited outside in a vehicle.

2

MELENDEZ and individual-1 agreed to move to a nearby warehouse where individual-1 had stored the forty kilograms.

7. At the warehouse, MELENDEZ entered the building with BONILLA. Both BONILLA and MELENDEZ discussed with individual-1 the quantity and quality of the cocaine. During the meeting, individual-1 showed MELENDEZ and BONILLA a kilogram of cocaine. Both MELENDEZ and BONILLA sampled the kilogram of cocaine. They agreed that the substance was in fact cocaine. MELENDEZ and BONILLA agreed to purchase forty kilograms of cocaine from individual-1. MELENDEZ told individual-1 that they had the $50,000 back at the hotel. MELENDEZ and BONILLA discussed amongst themselves about how they would transport the cocaine out of the warehouse. At this point, law enforcement agents arrested MELENDEZ and BONILLA.

8. After agents read MELENDEZ his *Miranda* rights, MELENDEZ agreed to speak with DEA agents. MELENDEZ admitted that he and BONILLA traveled from New York to Florida with the intent to purchase forty kilograms of cocaine and transport the kilograms back to New York. While BONILLA invoked his *Miranda* rights, he provided verbal and written consent to search his hotel room. MELENDEZ had informed the agents that the $50,000 would be located in BONILLA's room. Upon arriving at and searching BONILLA's hotel room, the agents did not find the $50,000.

[remainder of page intentionally left blank.]

## Conclusion

9. Based on the foregoing facts, I submit that probable cause exists to believe that MELENDEZ and BONILLA conspired to possess with intent to distribute five or more kilograms of a substance containing a detectable amount of cocaine, all in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

FURTHER AFFIANT SAYETH NAUGHT.

_____
LUZ IDARRAGA, TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION


Subscribed and sworn to before
me this the __2nd__ day of August, 2019.

_____
JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

4